UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

-----------------------------------------------------------x

JOHNNY DENSLOW,

        Plaintiff,

-against-

NYPD - 77TH PRECINCT; EXECUTIVE DIV OF
PAROLE; PO NANCY COLL; PO R. SMITH,
SENIOR PO; NYPD OFFICERS, DETECTIVES;
PAROLE DIVISION BOARD; ALJ CASEY, J.;
S.A.L. J.; GELLER, T., SPECIALIST,

        Defendants.
-----------------------------------------------------------x

**MEMORANDUM AND ORDER**
11-CV-0384 (KAM)

**MATSUMOTO, United States District Judge:**

        Plaintiff, Johnny Denslow ("plaintiff"), who is currently incarcerated at Rikers Island Correctional Facility, brings this *pro se* action pursuant to 42 U.S.C. § 1983. (*See generally* ECF No. 2, Compl.) Plaintiff's request to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915 is granted. (ECF No. 1, Decl. in Support of Request to Proceed *In Forma Pauperis*.) For the reasons set forth below, plaintiff's complaint against defendants the New York City Police Department - 77th Precinct, New York State Division of Parole, the Parole Board, ALJ J. Casey, J. Sal, T. Geller, and John Doe Specialist is dismissed. Plaintiff is granted thirty (30) days leave to submit an amended complaint, as detailed below.

## BACKGROUND

        Plaintiff alleges that on June 3, 2010, he was arrested by detectives from the 77th Precinct of New York City Police Department, released on bail, and, on June 15, 2010, was re-arrested by parole officers for a parole violation. (Compl. at 4-5, ¶ II C-D.) Plaintiff further

1

alleges that, during his parole revocation hearing, two defendant parole officers, Coll and Smith, falsified plaintiff's statements. (*Id.* at 5, ¶ II D) Although unclear, plaintiff further alleges that he suffered physical abuse at the hands of corrections officers, and was placed in punitive segregation, abused by other inmates and forcibly medicated. (*Id.* at 5, ¶ III.) Plaintiff seeks $15 million dollars in damages. (*Id.* at 7, ¶ V.)

## STANDARD OF REVIEW

Under 28 U.S.C. § 1915A, a district court "shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity." 28 U.S.C. § 1915A(a). Upon review, a district court shall dismiss a prisoner's complaint *sua sponte* if the complaint is "frivolous, malicious, or fails to state a claim upon which relief may be granted; or seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(b); *Liner v. Goord*, 196 F.3d 132, 134 & n.1 (2d Cir. 1999) (noting that, under the Prison Litigation Reform Act, *sua sponte* dismissal of frivolous prisoner complaints is not only permitted but mandatory); *see also Tapia-Ortiz v. Winter*, 185 F.3d 8, 11 (2d Cir. 1999). Where, as here, a plaintiff's *pro se* pleadings allege civil rights violations, the court construes the pleadings liberally. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Sealed Plaintiff v. Sealed Defendant*, 537 F.3d 185, 191-93 (2d Cir. 2008).

## DISCUSSION

### I. Dismissal of Certain Named Defendants

In order to maintain a §1983 action, a plaintiff must allege two essential elements. First, "the conduct complained of must have been committed by a person acting under color of

state law." *Pitchell v. Callan*, 13 F.3d 545, 547 (2d Cir. 1994) (citation omitted). Second, "the conduct complained of must have deprived a person of rights, privileges or immunities, secured by the Constitution or laws of the United States." *Id.* For the reasons that follow, plaintiff may not maintain an action against the following parties that he names.

### A. New York City Police Department

First, all claims against the New York City Police Department - 77th Precinct must be dismissed pursuant to 28 U.S.C. § 1915A(b) because the New York City Police Department is not a suable entity. The New York City Charter provides that "[a]ll actions and proceedings for the recovery of penalties for the violation of any law shall be brought in the name of the City of New York and not in that of any agency, except where otherwise provided by law." N.Y.C. Admin. Code & Charter Ch. 16 § 396. The New York City Police Department is an agency of the City of New York. *See, e.g., Wingate v. City of New York*, No. 08-CV-217, 2008 WL 203313, at *2 (E.D.N.Y. Jan. 23, 2008) (police precinct is not a suable entity). As such, the precinct "lacks independent legal existence and is therefore not a suable entity." *Davis v. City of New York*, No. 07-CV-1395, 2008 WL 2511734, at *6 (S.D.N.Y. June 19, 2008); *see also Jenkins v. City of New York*, 478 F.3d 76, 93 n.19 (2d Cir. 2007) (New York City Police Department not a suable entity); *Campbell v. New York City Police*, No. 05-CV-2858, 2005 WL 1970954, at *1 (E.D.N.Y. Aug. 10, 2005) (the New York City Police Department is not a proper party under §1983). Accordingly, all claims against the New York City Police Department - 77th Precinct must be dismissed. *See, e.g., Maier v. New York City Police Dep't*, No. 08-CV-5104, 2009 WL 2915211, at *2 (E.D.N.Y. Sept. 1, 2009) (dismissing all claims against the NYPD and DOC as non-suable entities).

3

### B. New York State Division of Parole and the Parole Board

Beyond naming the New York State Division of Parole and the Parole Board as defendants in the caption of the Complaint, plaintiff fails to set forth any factual allegations against either of the two agencies. Even if plaintiff had made adequate allegations against these defendants, the Eleventh Amendment bars federal court claims against states, absent their consent to such suit or an express statutory waiver of immunity. *See Will v. Michigan Dep't of State Police*, 491 U.S. 58, 66 (1989); *Pennhurst State School & Hospital v. Halderman*, 465 U.S. 89, 98-100 (1984). As an agency or arm of the State of New York, the New York State Division of Parole and the Parole Board are immune from suit under the Eleventh Amendment. *See Benjamin v. Lemons*, No. 10 CV 4067, 2010 WL 3746726, at *3 (E.D.N.Y. Sept. 17, 2010) (noting that the claims against the Board of Parole are barred by the Eleventh Amendment); *Coleman v. City of New York*, No. 03-CV-4921, 2009 WL 705539, at *4 (E.D.N.Y. Mar. 16, 2009) ("The Eleventh Amendment bars plaintiff's § 1983 suit against the New York State Division of Parole as it is a state agency."); *Heba v. New York State Div. of Parole*, 537 F. Supp. 2d 457, 471 (E.D.N.Y. 2007) (dismissing plaintiff's claims against the New York State Division of Parole because the Eleventh Amendment bars suits against states or state agencies). Thus, the complaint is dismissed as to the New York State Division of Parole and the Parole Board pursuant to 28 U.S.C. § 1915A(b).

### C. Rikers Island Judicial Center Defendants

Likewise, plaintiff fails to make any factual allegations against the defendants associated with the Rikers Island Judicial Center ("Judicial Center"), namely, J. Casey, an Administrative Law Judge ("ALJ") at the Judicial Center, J. Sal, T. Geller and a Specialist.

4

(Compl. at 4-5.) Indeed, these defendants names only appear in the "Parties" section of the Complaint. (*Id.* at 3-4, ¶ IIB.) Accordingly, plaintiff's claims against these defendants are dismissed for failure to state a claim. 28 U.S.C. § 1915A(b).

Moreover, even if the Complaint contained specific allegations against ALJ Casey in his or her official capacity,[1] to the extent plaintiff is seeking monetary damages against ALJ Casey, plaintiff's claim must be dismissed, as ALJ Casey is entitled to absolute immunity. *Montero v. Travis*, 171 F.3d 757, 760 (2d Cir. 1990) ("[O]fficials acting in a judicial capacity are entitled to absolute immunity against § 1983 actions, and this immunity acts as a complete shield to claims for money damages."). This immunity extends to administrative officials performing functions closely associated with the judicial process, including officials who preside over parole revocation hearings. *Id.* at 760-61; *Boddie v. New York State Div. of Parole*, No. 08-CV-911, 2009 WL 1033786, at *6 (E.D.N.Y. Apr. 17, 2009) (finding judge who presided over plaintiff's parole revocation hearing and issued her decision was "obviously acting within her judicial capacity, as well as within her jurisdiction" and was accordingly entitled to absolute immunity from suit in her individual capacity); *Moore v. Birmingham*, No. 06-CV-12896, 2009 WL 413219, at *4 (S.D.N.Y. Feb. 13, 2009).

Likewise, any attempt to bring suit against ALJ Casey in an individual capacity for acts or omissions that occurred while executing his or her judicial duties as an ALJ would also fail. *See Wilson v. Wilson-Polson*, No. 09-CV-9810, 2010 WL 3733935, at *6 (S.D.N.Y. Sept. 23, 2010) (A judge cannot be sued in his or her individual capacity for acts or omissions that

---

[1] Although not specified in the Complaint, ALJ Casey is presumably the ALJ who presided over plaintiff's parole revocation hearing.

5

occurred while he or she was executing his or her judicial duties.); *McKnight v. Middleton*, 699 F. Supp. 2d 507, 523 (E.D.N.Y. 2010) (dismissing claim asserted against judge in her individual capacity).

Finally, to the extent plaintiff seeks any injunctive relief against ALJ Casey pursuant to § 1983, the court notes that this claim would also be barred. *See* Federal Courts Improvement Act of 1996, § 309(c), Pub. L. No. 104-317, 110 Stat. 3847, 3853 (1996) (amending 42 U.S.C. § 1983) (section 1983 bars all claims for injunctive relief against a judicial officer for a judicial action or omission "unless a declaratory decree was violated or declaratory relief was unavailable."); *Rodriguez v. Trager*, No. 10-CV-0781, 2010 WL 889545, at *2 (E.D.N.Y. Mar. 8, 2010) ("To the extent that plaintiff seeks injunctive relief, separate from damages, such claims are precluded by the Federal Courts Improvement Act of 1996 . . ., which extends judicial immunity to most actions seeking prospective injunctive relief."). Therefore, to the extent that plaintiff seeks to bring suit against ALJ Casey for actions taken within the scope of his or her jurisdiction and responsibilities as an ALJ, plaintiff's claim is foreclosed by absolute immunity. *See* 28 U.S.C. § 1915A(b).

## II. Leave to Amend

Rule 15(a)(2) of the Federal Rules of Civil Procedure provides that a party shall be given leave to amend "when justice so requires." Fed. R. Civ. P. 15(a)(2). When addressing a *pro se* complaint, a district court should not dismiss without granting leave to amend at least once "when a liberal reading of the complaint gives any indication that a valid claim might be stated." *Thompson v. Carter*, 284 F.3d 411, 416 (2d Cir. 2002) (quoting *Branum v. Clark*, 927 F.2d 698, 705 (2d Cir. 1991) (internal quotation marks omitted)).

Here, although plaintiff brings this action against, *inter alia*, parole officers for injuries stemming from his arrest, prosecution and incarceration for a parole violation, plaintiff makes additional assertions in the injury section of the complaint form. Specifically, plaintiff alleges that he has been placed in punitive segregation twenty-three hours a day, suffered physical abuse at the hands of unnamed correction officers, and other inmates, and was forcibly medicated. (*See* Compl. at 5, ¶ III.) It is unclear, if plaintiff wishes to pursue these potential claims.

Accordingly, plaintiff is granted thirty (30) days leave from the entry of this Memorandum & Order to file an amended complaint to clarify his claims. *Cruz v. Gomez*, 202 F.3d 593 (2d Cir. 2000). Should plaintiff choose to file an amended complaint, plaintiff is directed that the amended complaint must:

1. be captioned as an "Amended Complaint" and bear the same docket number as this Order;

2. identify each defendant in both the caption and the body of the amended complaint, and name as proper defendants those individuals who have some personal involvement in the actions he alleges in the amended complaint, or if plaintiff does not know the names of the individuals, he may identify and name the unknown individuals in the caption as either "John Doe 1, 2, 3," etc. or "Jane Doe, 1, 2, 3," etc.;

3. describe to the best of plaintiff's ability, each individual and the role he or she played in the alleged deprivation of his rights; and

4. set forth factual allegations to support his claim against each named defendant, the dates and locations of all relevant events, and the relief he is seeking in accordance with Rule 8(a) of the Federal Rules of Civil Procedure.

Plaintiff is advised that an amended complaint does not simply add to the first complaint. Once an amended complaint is filed, it completely replaces the original. Therefore, plaintiff must include in the amended complaint all the necessary information that was contained in the original complaint.

## CONCLUSION

Plaintiff's claims against the New York City Police Department - 77th Precinct; New York State Division of Parole; the Parole Board; J. Casey, J. Sal, T Geller and John Doe Specialist are dismissed for failure to state a claim and/or for seeking monetary damages against immune defendants pursuant to 28 U.S.C. § 1915A(b). No summons shall issue as to these defendants and all further proceedings shall be stayed for 30 days.

If plaintiff fails to amend the complaint within 30 days as directed by this Memorandum and Order, the court shall dismiss this complaint pursuant to 28 U.S.C. § 1915A. The court certifies pursuant to 28 U.S.C. § 1915 (a)(3) that any appeal from this order would not be taken in good faith and therefore *in forma pauperis* status is denied for purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962). The Clerk of the Court is respectfully requested to serve a copy of this Memorandum and Order on plaintiff and to make a

notation of the service in the docket.

**SO ORDERED.**

Dated: April 6, 2011
      Brooklyn, New York

                                            s/KAM

                                  KIYO A. MATSUMOTO
                                  United States District Judge