UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------X
JOHNNY DENSLOW,                                     **NOT FOR PRINT OR**
                                                    **ELECTRONIC PUBLICATION**
                    Plaintiff,

            -against-                               **MEMORANDUM & ORDER**
                                                    10-CV-0384 (KAM)(LB)
NANCY COLL, DETECTIVE DANIEL
PEREZ, SGT. TODD POSTEL, JOHN DOE,
RODNEY SMITH, CAPT. BELL and
MS. DAWSON,

                    Defendants.
----------------------------------X

**KIYO A. MATSUMOTO, UNITED STATES DISTRICT JUDGE:**

On June 30, 2011, *pro se* plaintiff Johnny Denslow ("plaintiff") filed an Amended Complaint,[1] alleging a violation of 42 U.S.C. § 1983, false arrest, violation of due process rights under the Fourteenth Amendment, and excessive force in violation of the Eighth Amendment. (ECF No. 10.) After several attempts at service, all of the above-named defendants except for "John Doe" were served by January 10, 2012. (*See* ECF Nos. 13-14, 18, 38, 39, 44.)

On December 5, 2011, defendants Nancy Coll and Rodney Smith (the "Parole Officer Defendants") served plaintiff with

---

[1] The court had previously dismissed plaintiff's original complaint *sua sponte* for failure to state a claim and/or for seeking monetary damages from immune defendants pursuant to 28 U.S.C. § 1915A(b). (ECF No. 7, Memorandum and Order dated 4/8/11.) After failing to amend his complaint within the time set forth in the April 18 Order, on April 28, 2011, the court again directed plaintiff to amend his complaint or face dismissal. (*See* docket entry dated 4/28/11.) Plaintiff sought to extend the time to amend on May 31, 2011, and after the court again granted him a 30-day extension on that same day, eventually amended his complaint on June 30, 2011. (*See* docket entry dated 5/31/11; ECF No. 10, Amended Complaint ("Am. Compl.").)

1

their motion to dismiss for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6). (ECF No. 52.) On December 22, 2011, defendants Omar Bell, Alicia Dawson, Daniel Perez, and Todd Postal (the "City Defendants") served plaintiff with their motion to dismiss for lack of subject matter jurisdiction and failure to state a claim. (ECF No. 54.) On February 1, 2012, plaintiff wrote to the court requesting an extension of time to serve his opposition due to his inability to access legal materials while incarcerated, but that he expected to be released from prison in March 2012. (ECF No. 45.) By order dated February 3, 2012, the court gave plaintiff until April 16, 2012 to respond to the motions to dismiss. (Docket entry dated 2/3/212.)

As of May 2, 2012, however, plaintiff had not served any response to defendants' respective motions to dismiss. (*See* docket entry dated 5/2/12). Thus, given that the court had already granted plaintiff an extension of time to file his response to the motions, the court ordered plaintiff to respond to the motions to dismiss on or before June 1, 2012. (*Id*.) The May 2, 2012 order also notified plaintiff that if he did not respond by June 1, 2012, the court would deem the motions unopposed, potentially resulting in dismissal of plaintiff's case for the reasons set forth in the motions, failure and/or for failure to prosecute and failure to comply with court orders

2

pursuant to Federal Rule of Civil Procedure 41(b). (*Id*. ("If no opposition is served by 6/1/2012, defendants' motions to dismiss will be deemed unopposed and this case may be dismissed for the reasons set forth in defendants' motions and/or for failure to prosecute and failure to comply with the court's orders, pursuant to Federal Rule of Civil Procedure 41(b).")) Defendants' counsel were further ordered to exercise due diligence in obtaining plaintiff's current post-release mailing address. (*See* docket entry dated 5/3/12.) Defendants served plaintiff with a copy of the court's May 2, 2012 order on May 3, 2012 at his last-known address. (ECF No. 60.)

On May 3, 2012, defendants informed the court that they were unable to obtain a post-release address for plaintiff, despite (i) contacting the Department of Corrections and Community Supervision to obtain any forwarding address provided by plaintiff upon his release, which there was none; (ii) contacting the New York State Division of Parole, which has no information for plaintiff because he is not on parole; and (iii) searching online databases and Lexis.com, which also did not yield results. (ECF Nos. 58-59.) Additionally, on June 11, 2012 and August 27, 2012, defendants again informed the court by letter that plaintiff still had not responded and asked that their motions be deemed unopposed and, therefore, fully submitted. (ECF Nos. 67-68.)

3

On September 6, 2012, having observed that seven months had passed since plaintiff had last been active in this case, the court issued an Order to Show Cause ordering plaintiff by September 26, 2012 to show cause as to why defendants' motions should not be deemed unopposed and why this action should not be dismissed for failure to prosecute and to comply with a court order pursuant to Federal Rule of Civil Procedure 41. (Docket entry dated 9/6/12.) Defendants were ordered to serve the Order to Show Cause on plaintiff at his last known address prior to incarceration, which they did by September 7, 2012. (ECF Nos. 69-70.) As of the date of this opinion, plaintiff still has not filed a response to the show-cause order or the two pending motions to dismiss.

In light of the foregoing, the wide latitude the court has previously afforded plaintiff, and the defendants' diligent but fruitless attempts to locate plaintiff's current address, defendants' motions to dismiss are considered unopposed and fully briefed. It is further ordered that defendants' motions to dismiss are granted for the reasons set forth therein, specifically, for lack of subject matter jurisdiction and for failure to state a claim. Plaintiff's claims are also dismissed for failure to prosecute and failure to comply with a court order, pursuant to Federal Rule of Civil Procedure 41(b).

**DISCUSSION**

In addition to dismissing plaintiff's claims for lack of subject matter jurisdiction and failure to state a claim, the court dismisses plaintiff's complaint for failure to comply with court orders and to prosecute this action, pursuant to Federal Rule of Civil Procedure 41(b). A district court has the inherent power to manage its own affairs "so as to achieve the orderly and expeditious disposition of cases." *Lewis v. Rawson*, 564 F.3d 569, 575 (2d Cir. 2009) (quoting *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630-31, 82 S. Ct. 1386, 8 L.Ed.2d 734 (1962)). Consistent with that inherent power, Federal Rule of Civil Procedure 41(b) provides, in relevant part, "[i]f the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it." "Rule 41(b) also gives the district court authority to dismiss a plaintiff's case *sua sponte* for failure to prosecute." *LeSane v. Hall's Sec. Analyst, Inc.,* 239 F.3d 206, 209 (2d Cir. 2001) (citing *Link*, 370 U.S. at 630-31). Unless the court specifies otherwise, Rule 41(b) provides that dismissal "operates as an adjudication on the merits." *Link*, 370 U.S. at 630. Courts contemplating dismissal of a plaintiff's claim for failure to prosecute and/or to comply with a court order pursuant to Rule 41(b) consider:

>'(1) duration of plaintiff's failures or non-compliance; (2) whether plaintiff had notice that such conduct would result in dismissal; (3) whether prejudice to defendant is likely to result; (4) whether court balanced its interest in managing its docket against plaintiff's interest in receiving opportunity to be heard; and (5) whether court adequately considered efficacy of sanction less draconian than dismissal.'

*Lewis,* 564 F.3d at 576 (quoting *United States ex rel. Drake v. Norden Sys., Inc.,* 375 F.3d 248, 254 (2d Cir. 2004)).  No one factor is dispositive.  *Id*.  In weighing the five *Drake* factors, the court must consider the record of the entire case as a whole. *Id*.  A court may find the standard for dismissal satisfied where it finds a "pattern of dilatory tactics" or "an action lying dormant with no significant activity to move it."  *Lyell Theatre Corp. v. Loews Corp.*, 682 F.2d 37, 42 (2d Cir. 1982). Nonetheless, special leniency should be afforded to *pro se* litigants such that the circumstances have to be "sufficiently extreme" to warrant dismissal.  *Le Sane*, 239 F.3d at 209.

All of the five *Drake* factors favor dismissal of the instant case.  With respect to the first factor, a review of the docket sheet shows that plaintiff has not taken any action in this case or communicated with the court for seven months, despite multiple orders from the court and extensions of time to do so.  This is enough time to warrant dismissal.  *See, e.g., Antonio v. Beckford*, No. 05 Civ. 2225, 2006 U.S. Dist. LEXIS

6

71859, at *8-9 (S.D.N.Y. Sept. 29, 2006) (citing decisions dismissing cases for delays of three months or more). Second, plaintiff was notified repeatedly that his continued failure file his responses would incur the risk of dismissal under Fed. R. Civ. P. 41(b), or for the reasons set forth in defendants' motions to dismiss. (*See* docket entries dated 5/2/12 and 9/6/12.) The court's Order to Show Cause also plainly provided plaintiff with notice that he was to show cause as to why his action should not be dismissed. (Docket entry dated 9/6/12.) Defendants served copies of their motions and all the court's orders directing plaintiff to respond at plaintiff's last known addresses, putting plaintiff on notice that they were seeking to dismiss his case and that he was still required to respond.

  Additionally, regarding the third *Drake* factor – whether prejudice to defendants is likely to result – applicable case law establishes a presumption that a plaintiff's unreasonable delay will normally prejudice the defendants. *See, e.g., Shannon v. Gen. Elec. Co.*, 186 F.3d 186, 195 (2d Cir. 1999) (citing *Lyell Theatre Corp.*, 682 F.2d at 43). Fourth, with respect to whether the court balanced its interest in managing its docket against plaintiff's interest in receiving an opportunity to be heard, this dormant case has remained on the court's docket for seven months and there is no indication that plaintiff will move it forward in the future. Finally, no lesser

7

sanction than dismissal is likely to be effective in light of plaintiff's failure to respond to defendants' motions to dismiss or to the court's orders directing plaintiff to take action on pain of possible dismissal.  Moreover, the court has afforded the *pro se* plaintiff the "special leniency" it must, and finds that these circumstances are "sufficiently extreme" to warrant dismissal.  *See LeSane*, 239 F.3d at 209.  Therefore, given plaintiff's continued failure to prosecute the case and to respond to court orders over the past seven months, this case is dismissed with prejudice.

## CONCLUSION

For the reasons set forth above, plaintiff's Amended Complaint is dismissed with prejudice.  Counsel for defendants are respectfully requested to serve a copy of this Memorandum and Order on *pro se* plaintiff at his last-known address prior to incarceration and file proof of service on or before 12/3/12. The Clerk of Court is respectfully requested to enter judgment for defendants and close this case.

**SO ORDERED.**

Dated: November 29, 2012
Brooklyn, New York

            ___/s/_____
            **KIYO A. MATSUMOTO**
            United States District Judge
            Eastern District of New York